Birkhauser vs. Schmitt and wife.

BIRKHAUSER vs. SCHMITT and wife.

*Mistake of law or of fact?*

1. Where one having full knowledge of the facts, comes to an erroneous conclusion as to their legal effect, this is a *mistake of law*, and not of fact. *Hurd v. Hall*, 12 Wis., 113.
2. In an action to recover moneys alleged to have been paid under a mutual mistake of fact, for a defendant's supposed interest in land, it appears from the complaint and plaintiff's evidence that plaintiff had full knowledge of all the facts which affected, or were supposed to affect, the title to the land, before he purchased and paid therefor, and that the attorney-at-law of both parties, upon consideration of those facts, fully communicated by him to them, came to the legal conclusion, and advised them, that defendant had a certain interest in the land; and the parties acted upon such advice in the sale and purchase. *Held*, that the mistake thus shown was of law only, and the court erred in directing a verdict for the plaintiff.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover moneys paid by plaintiff for the supposed interest of the defendant *Wilhelmina Schmitt* in certain lands, on the ground that said *Wilhelmina* had in fact no interest in said lands, and that the payment was made and received by the parties under a mutual mistake of fact.

By direction of the court, the jury returned a verdict for the plaintiff; and from a judgment on the verdict, defendants took separate appeals.

The case is more fully stated in the opinion.

*Frank B. Van Valkenburgh*, for appellants.

For the respondent, there was a brief by *Ootzhausen, Smith, Sylvester & Scheiber*, and oral argument by *E. P. Smith*.

ORTON, J. The separate appeals of the defendants will be decided together, as one case.

Whatever may be the confusion and apparent contradictions of decisions elsewhere, the law is well settled and made definite and certain at least in this state, as to what constitutes a mistake of fact and a mistake of law; so that we have only to examine the facts in this case, and determine whether they make a case of mistake of fact within the decisions of this court, entitling the plaintiff to recover.

In 1868, Wilhelm Sindorf, being the owner in fee of the premises in question, deeded the same to Josephina Benstein. In this deed, the words, " and to the heirs and assigns of her heirs," were inserted in the granting clause; and the words, " the party of the second part and her heirs, and to the heirs and assigns of her heirs," were inserted in the *habendum* and warranty clauses.

In 1873, Josephina Benstein died, leaving a will by which she devised all of her real estate to her daughter Johanna Benstein, subject to the payment of debts, and a legacy of two hundred and fifty dollars to each of her other six children; and Johanna went into possession of said premises, and paid said debts and legacies, except the legacies of two of said children not yet of age.

The plaintiff states in his complaint, in substance, that being betrothed to Johanna, and she having been advised by her attorney, Nathan Pereles, an attorney-at-law, that her title to said land was held in common with each of the other children of Josephina, and that the said deed from Wilhelm Sindorf conveyed and gave to her mother only a life interest in the land, and at her death it descended in equal shares to her children, and they being Germans and not acquainted with the English language and with such questions of title, they advised with said Pereles, and he, *having produced the said deed*, advised

them both substantially as above stated, in respect to said title, and that they ought to buy out such supposed interest of the other children, and that, relying upon such advice, and the said Johanna not having the means to make such purchase, he, the plaintiff, made such purchase of the supposed interest of *Wilhelmina Schmitt*, one of the defendants, and one of said children and heirs of the said Josephina Benstein, and the said *Wilhelmina*, with her husband *Peter Schmitt*, joined with the other children in a warranty deed of said premises to the plaintiff and his intended wife, the said Johanna; that said negotiation was made, and said deed was drawn, in the office and under the advice and supervision of said Pereles; that plaintiff soon thereafter married with said Johanna, and when he ascertained that the said *Wilhelmina Schmitt* had no such supposed interest in said premises, and that the title in fee vested in said Josephina by the said deed of Wilhelm Sindorf, and that he had paid said money under a mistake as to the fact of the title to said premises, and that the *opinion* and *advice* of said Pereles were *erroneous*, he, the plaintiff, tendered the said defendants his deed of said premises, and *demanded* the payment back from them of the said seven hundred dollars and interest; and the complaint avers " that he so paid said moneys and received said deed under a mistake of fact as to the title of said land being in the grantors named in said deed; that said defendants had no title to said land, and had by said deed conveyed none to said plaintiff; that said deed had been given and said money paid through a mutual mistake of fact as to the title of said land, *resulting from the erroneous opinion and advice of said Pereles.*"

The plaintiff himself testified, on the trial, that Johanna, while betrothed to him, informed him that the other children had equal interests in the land with her, and that she was unable to purchase them, and that Pereles, the family lawyer, who drew the will, had told her so and so advised her; that he went with her to see said Pereles, and *find out all the particulars* about the will, and that Pereles told him *all the particulars about the title and about the will;* that the next day he

went alone to see Pereles, and he, Pereles, *told him all about it, what the will was,* and that the real estate would go equally to the children, and that Mrs. Benstein had a life estate in the lands; and that he told Pereles that he proposed to buy out the others, and Pereles said it was the best way, if they could agree; that accordingly he met all the heirs, and asked them what they would take for their interests; and they agreed to sell for seven hundred dollars per share, and he agreed to purchase at that price; and that they told him that the title was good in them, and that Pereles had told them so when the will was proved, and *that he bought on the advice of Pereles.*

The answer sets up and claims that there were certain agreements and understandings prior to and contemporaneous with the execution of said deed and will, by which all of said children should share alike in said estate, and that there was a mistake in drawing said deed and will in this respect; that there were outstanding equities, which, if enforced, would so dispose of said estate; and that the children in fact had the interest so claimed by them, and which they had so sold and conveyed to the plaintiff; and the defendants offered to show and prove these facts on the trial; but their evidence touching the same was excluded by the court. But, in the view we are compelled to take of this case as presented by the plaintiff himself, by his complaint and proofs, these claims of the answer, and the rulings of the court in respect to the proof offered to sustain them, become immaterial; and they are only important as bearing upon the question whether the plaintiff made the purchase and paid the money with knowledge of the facts upon which such claim of interest in all of the children of Josephina Benstein in the premises conveyed was predicated.

We think it clearly appears from the statements of the complaint, and the testimony of the plaintiff himself, above recited, that the plaintiff, as well as the defendant, had full knowledge of all the facts which in any way affected, or were supposed to affect, the title of the premises, before the sale and conveyance and the payment of the money; and that Pereles, the attorney of the family and of both of the parties, communicated to them

all of the facts and *particulars of the title* within his knowledge, from which he came to the legal conclusion, and by which he formed the opinion and gave the advice stated in the complaint. In the first interview with the plaintiff and his intended wife, Johanna Benstein, Pereles produced the deed, stated all the particulars and facts of the title to them, from which both he and they formed the opinion that the other children had the interest in the estate which they claimed, based upon the same particulars and facts; and, so far as we know from this case, all of those particulars and facts might be true, for the evidence offered to prove them was excluded. Without further reference to the facts of the case, we think it comes most clearly and directly within the definition of a *mistake of law* found in the very able and elaborate opinion of Chief Justice Dixon in the case of *Hurd v. Hall*, 12 Wis., 113: "A mistake of law happens when a party, having full knowledge of the facts, comes to an erroneous conclusion as to their legal effect. It is a mistaken opinion or inference, arising from an imperfect or incorrect exercise of the judgment upon facts as they really are."

The multiplicity of authorities cited and commented upon, in that case, by the learned chief justice, from which he derives the above definition, which is the clearest and most satisfactory to be found anywhere, renders it unnecessary to comment upon the cases cited in the able briefs of the learned counsel in this case, which would otherwise merit a full and critical examination.

If this is purely and essentially a mistake of law, as we think it is, then, of course, the learned counsel of the plaintiff does not expect relief in the action.

*By the Court.* — The judgment of the circuit court is reversed, with costs, and the cause is remanded for a new trial.